IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MANUFACTURERS ALLIANCE ) <br> INSURANCE COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRENCORP, INC., BRENTECH, INC., ) <br> AND THEODORE BRENNAN, ) <br> ) <br>     Defendants. ) | CIVIL ACTION <br><br> FILE NO. 4:15-CV-140-HLM |

**DEFENDANTS BRENTECH, INC. AND THEODORE BRENNAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BRENCORP, INC.**

COME NOW, Brentech, Inc. (hereinafter "Brentech") and Theodore Brennan (hereinafter "Mr. Brennan"), Defendants in the above-styled action, and file this response in opposition to Plaintiff's Motion for Default Judgment as to Brencorp, Inc. (hereinafter "Brencorp") [Doc. 42] in order to avoid potentially inconsistent judgments in this action, and in support show the Court as follows:

Plaintiff seeks a default judgment against Brencorp for $163,206.00, the amount allegedly owed under a policy of insurance issued by Plaintiff to Brencorp, plus interest. (Aff. in Spt. of Mot. Default J., ¶ 5 [Doc. 42-1] and Pl.'s First Am. Compl, ¶ 69 [Doc. 14]).  The amounts allegedly owed are for retrospective

premium adjustments resulting in additional premiums/surcharges under the policy.  (Pl.'s First Am. Compl, ¶¶ 20, 21, 22, and 24 [Doc. 14]).  Plaintiff's First Amended Complaint alleges that Brentech and Mr. Brennan "should be held liable for all debts, obligations, judgments, liabilities, expenses and claims owed by Brencorp to [Plaintiff]."  (Id. at ¶ 104).

Many courts have held that the entry of default judgment against one defendant while claims are pending against other, responding defendants is improper.  Federal Rule of Civil Procedure 54(b) provides, in part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay….

"Courts have interpreted this to mean that '[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'" *North Pointe Ins. Co. v. Global Roofing &*

*Sheet Metal, Inc.*, No. 6:12–cv–476–Orl–31TBS, 2012 WL 5378826, at *3–*4 (M.D. Fla. Sept. 4, 2012).

In *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60 (1872), the Supreme Court addressed the entry of default judgment against one defendant where the answering defendants are allegedly jointly liable and stated "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."  The Eleventh Circuit extended the *Frow* doctrine to apply to defendants that are "similarly situated" in addition to defendants that are alleged to be jointly liable.  In *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir.1984), the Eleventh Circuit stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  Id. at 1512.

District courts within the Eleventh Circuit and elsewhere have recognized the potential for inconsistent judgments where a default judgment is entered against one defendant before the case is resolved as to the remaining defendants. For example, in *Progressive Mountain Ins. Co. v. Anderson*, No. CV 113–213, 2014 WL 6908851 (S.D. Ga. Dec. 8, 2014), Progressive Mountain Insurance Company filed a declaratory judgment action regarding coverage under an

automobile insurance policy. The insured under the policy issued by Progressive failed to file a timely answer and was entered in default. However, two other defendants remained in the case and filed timely answers to the plaintiff's complaint. The court noted, "[t]he entry of a clerk's default…does not necessarily require the Court to enter a default judgment" and "[w]hen there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants." (Id. at *1) (citations omitted).

The court in *Progressive* held, "[a]s the case remains pending as to these two [responding] defendants, and in the interest of avoiding potentially inconsistent judgments interpreting the same policy, the Court concludes that the entry of default judgment would be improper at this juncture.…Thus, judgment as to [the defaulting defendant] shall be delayed until a decision is made on the merits of [the plaintiff]'s claim to avoid 'logically inconsistent judgments in the same action.'" Id. at *2.

Brentech and Mr. Brennan intend to seek discovery on the issue of how much, if any, is owed under the insurance policy Plaintiff issued to Brencorp, including whether the retrospective premiums Plaintiff charged are reasonable and whether Plaintiff breached its duty to act reasonably and in good faith in dealing

with the retrospective premium policy. The final determination of this action may result in a finding that the amount of premiums owed under the policy, if any, is different from the amount Plaintiff seeks in its motion for default judgment against Brencorp. In order to avoid potentially inconsistent judgments regarding the same insurance policy, Brentech and Mr. Brennan respectfully request that this Court withhold the entry of default judgment as to Brencorp until a final determination on the merits is reached.

This 1st day of March, 2016.

JENKINS & BOWEN, P.C.

/s/ Frank E. Jenkins, III
Frank E. Jenkins, III
Georgia Bar Number 390550
Sarah C. Martin
Georgia Bar Number 440539
*Attorneys for Defendants Brentech, Inc. and Theodore Brennan*

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373 – Tel
(770) 387-2396 – Fax
fjenkins@ga-lawyers.pro
smartin@ga-lawyers.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 4:15-CV-140-HLM |
| BRENCORP, INC., BRENTECH, INC., AND THEODORE BRENNAN, | ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2016, a true and correct copy of **Defendants Brentech, Inc. and Theodore Brennan's Response in Opposition to Plaintiff's Motion for Default Judgment as to Defendant Brencorp, Inc.** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

**Graham Elliott McDonald, Esq.;** gmcdonald@odmclaw.com

**Matthew Robert Johnson, Esq.;** mjohnson@odmclaw.com

I further certify that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman 14 point).

JENKINS & BOWEN, P.C.

/s/ Frank E. Jenkins, III
Frank E. Jenkins, III
Georgia Bar Number 390550
Sarah C. Martin
Georgia Bar Number 440539
*Attorneys for Defendants Brentech, Inc. and Theodore Brennan*

15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373 – Tel
(770) 387-2396 – Fax
fjenkins@ga-lawyers.pro
smartin@ga-lawyers.pro