UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY<br><br>PLAINTIFF,<br><br>V.<br><br>BRENCORP, INC., BRENTECH, INC. and THEODORE BRENNAN<br><br>DEFENDANTS. | Case No. 4:15-CV-00140-HLM |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BRENCORP, INC.**

COMES NOW Plaintiff Manufacturers Alliance Insurance Company ("MAICO"), by and through undersigned counsel, and files this reply brief in support of Plaintiff's Motion for Default Judgment as to Defendant Brencorp, Inc. ("Motion for Default Judgment") and respectfully shows this Court as follows:

### I. Introduction

MAICO's Motion for Default Judgment as to Defendant Brencorp, Inc. ("Brencorp") clearly sets forth the basis for default judgment on account of Brencorp's complete failure to respond to MAICO's Amended Complaint. In Defendants Brentech, Inc. and Theodore Brennan's Response in Opposition to

Plaintiff's Motion for Default Judgment as to Defendant Brencorp, Inc. ("Defendants' Response"), Defendants Brentech, Inc. ("Brentech") and Theodore Brennan ("Brennan") raise no objection to MAICO's entitlement to default judgment against Brencorp, instead imploring the Court to delay issuance of default judgment until a final decision is reached on the merits. The basis for this delay, Defendants' argue, is that they intend to conduct discovery regarding the amount owed under the policy, and have concerns regarding potentially inconsistent judgments.

However, Defendants' Response fails to justify their request that the Court delay issuance of a default judgment against Brencorp on account of potentially inconsistent judgments. First, contrary to Defendants' claim, it is MAICO that is prejudiced by delaying the entry of default judgment, as it is owed money pursuant to the at-issue insurance policy. Further, to the extent Defendants face the possibility of inconsistent judgments at all, which is unlikely, such possibility arose entirely as the product of Defendants' conduct in this litigation. More so, the legal authority relied upon by Defendants does not mandate that the Court await a final judgment on the merits before entering default judgment against Brencorp. Rather, the Court has discretion to immediately enter default judgment against Brencorp, and in this case the Court has ample reason to do so. For these reasons, described

in further detail, below, MAICO requests that the Court disregard Defendants' request and enter default judgment in favor of MAICO against Brencorp.

## II. Delaying Entry of Default Judgment Will Prejudice MAICO and Further Defendants' Orchestrated Effort to Avoid Liability

As described in detail in MAICO's Amended Complaint, the claims of this matter arose from a workers' compensation insurance policy issued by MAICO at the request of the entity in default, Brencorp. MAICO initiated this action against Brencorp, its principal, Brennan, and Brentech, the company created by Brennan to replace Brencorp. As argued by the Amended Complaint and subsequent filings, Brencorp and Brentech are highly similar companies in which Brennan was or is inseparably intertwined. Nonetheless, in response to the Amended Complaint, only Brennan and Brentech have appeared in this action.

In seeking to delay entry of default judgment against Brencorp, Brennan is asking the Court to overlook his own conduct and provide him and Brentech with the strategic advantage which would result from delayed entry of default judgment against Brencorp. Of note, at the time MAICO filed its Amended Complaint, Brencorp was not dissolved and Defendant Brennan was listed as its registered agent with the Georgia Secretary of State. Moreover, Brennan purposefully avoided accepting service on behalf of Brencorp, despite his role as its registered agent.

It was Brennan who made the calculated decision to allow Brencorp to go into default, in an apparent attempt to further the fiction of separateness among Brencorp, Brennan and Brentech.  As a result of that decision by Brennan and Brencorp, Brencorp forfeited its opportunity to contest the allegations made by MAICO against Brencorp in the Amended Complaint.  Nonetheless, Brennan, who MAICO argues is also the alter ego of Brentech, now seeks to protect himself and Brentech by delaying entry of default judgment against Brencorp, which would otherwise enable MAICO to immediately pursue collection and initiate post-judgment discovery efforts.

Despite the arguments of Defendants' Response, this is a bizarre position for Defendants to maintain.  Indeed, MAICO's request for entry of default judgment against Brencorp is the *exact* course of action suggested by Defendants in their Reply Brief in Support of Brentech, Inc. and Theodore Brennan's Motion to Dismiss Amended Complaint ("Reply Brief").  In Defendants' Reply Brief, they stated

> For example, MAICO can obtain a judgment against Brencorp, which has failed to file an answer in this action, and use O.C.G.A. § 9-11-69 and other post-judgment remedies to collect on its judgment or, if Brencorp is truly judgment proof, to gather information needed to make a case for remedies at law like those cited in Acree.

Now, in flagrant contradiction to their own prior argument to this Court, Defendants seek the ability to delay entry of default judgment against Brencorp, an entity Brennan controlled and which could have appeared in this litigation but for Brennan's purposeful choice to allow Brencorp to be in default. As the above statement from Defendants' Reply Brief indicates, Defendants originally made no challenge to the amount sought from Brencorp in the Amended Complaint. In fact, at the time of filing the Reply Brief, Defendants had no concerns regarding the entry of default judgment against Brencorp for the full amount owed and specified in the Amended Complaint.

Moreover, Defendants' Response states that the Defendants intend to conduct discovery regarding the amount of Brencorp's liability pursuant to the at-issue policy, actions Brencorp would have taken but for its default, as orchestrated by Brennan. In so doing, Defendants are seeking to gain the benefit of being able to contest the liability of Brencorp while continuing to promote the illusion of Brencorp as a separate, distinct and defunct entity.

The prejudice to MAICO arising from delayed entry of default judgment is easy to foresee and highly obstructive. This case is premised on the actions by Brennan to go to great lengths in avoiding payment of liabilities incurred by Brencorp. MAICO argues that Brencorp and Defendants have commingled assets

and that Brentech has inherited Brencorp's business in furtherance of the liability avoidance scheme set up by Brennan. Now, Defendants ask that the Court further delay MAICO's ability to collect on the amount owed by Brencorp for an untold period of time.

The potential risk posed by this delay is apparent and has been demonstrated repeatedly by Defendants' prior actions. Previously, MAICO raised concerns with the Court regarding changes made to Brentech's website (after suit was filed but before discovery began) that were intended to distinguish it from the website previously used by Brencorp. This action was particularly troublesome as MAICO's Amended Complaint relies on the similar content originally found on the two websites in arguing that the two companies are part of the same scheme. MAICO then encountered further obstructive and dilatory behavior when attempting to perfect service on Brencorp through Brennan, and by virtue of Brennan's decision to allow Brencorp to go into default.

Such conduct is indicative of Defendants' willingness to use all possible avenues to prevent MAICO from recovering debts owed by Brencorp, and represents the continuation of actions described in the Amended Complaint tending to show that Brennan used Brentech to evade the liabilities of Brencorp. In light of this history, both prior to and following the initiation of this lawsuit, it is apparent

6

that giving Defendants additional months, if not a year or more, to continue liability avoidance efforts will be highly prejudicial to MAICO.

### III. Entry of Default Judgment Poses No Legitimate Risk of Discordant Judgments

As noted above, Defendants have not set forth any basis for challenging the amount owed pursuant to the at-issue policy. Rather, this is a recent contention made for strategic purposes and one that is highly unlikely to be substantiated during discovery. Further, if default judgment is entered against Brencorp in the amount specified by the Amended Complaint, and Defendants are successful with regard to liability on MAICO's alter ego claim, the default judgment will likely be unaffected.

Thus, the only hypothetical inconsistency, which is improbable, would arise if Defendants are held liable for debts of Brencorp on MAICO's alter ego claim, but in an amount that is less than that awarded in the default judgment. In such a scenario, however, MAICO would seek to collect against Defendants the lesser amount of that respective judgment. Accordingly, not only is the risk of inconsistent judgments nearly negligible in this case, the impact of inconsistent judgments would be similarly minimal. As a result, there is no compelling basis for delay of entry of default judgment against Brencorp, and considerable reasons for avoiding such delay.

### IV. Legal Authority Presented by Defendants Does Not Require Delay of Entry of Default Judgment

The cases relied upon in Defendants' Response are factually distinguishable from this action and do not require the Court to delay entry of default judgment against Brencorp. The question for the Court is whether or not it would be prudent to delay the entry of default judgment against Brencorp in light of the circumstances at issue in this matter. *See Progressive Mt. Ins. Co. v. Anderson*, No. CV 113-213, 2014 U.S. Dist. LEXIS 169414, at *3 (S.D. Ga. Dec. 8, 2014). Additionally, as noted in Defendants' Response, Fed. R. Civ. P. 54(b) sets forth the balancing that courts should engage in when determining whether or not there is "just reason for delay" in entering a final judgment against fewer than all defendants.

Here, balancing the desire to avoid inconsistent judgments against the conduct of Defendants and the facts supporting immediate entry of default judgment strongly favors MAICO's position. Moreover, the factual circumstances favoring entry of default judgment without delay are not present in the cases relied upon by Defendants. Specifically, Defendants' Response focuses predominately on *Progressive Mountain Ins. Co.* and *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir.1984) in support of its request for delay of entry of default judgment. However, neither of those cases involved

facts like those present here, where the nature of the case and the actions of Defendants raise the potential for considerable prejudice to arise from delaying entry of default judgment.

*Progressive Mountain Ins. Co.* arose from a declaratory action filed by an insurer seeking a determination as to coverage owed to its insured. Unlike this case, where the primary question remaining for the Court is whether or not Defendants have disregarded the corporate form and concocted a multi-entity scheme to avoid liability, *Progressive Mountain Ins. Co.* did not involve any factual circumstances rendering delay of default judgment imprudent. Rather, the court in *Progressive Mountain Ins. Co.* noted that a motion for summary judgment was pending before the court, seemingly suggesting that any delay posed by awaiting a decision on the merits may be inconsequential.

In this matter, however, the parties are certainly months, if not more than a year away from a potential decision on the merits. Unlike the potentially brief delay at issue in *Progressive Mountain Ins. Co.*, the delay requested in this matter is likely to be of significant length and poses harm to MAICO that was not present for the plaintiff in *Progressive Mountain Ins. Co.* As noted above, the potential for inconsistent judgments and the impact of any such inconsistencies are minimal in this case. When balanced against the risk posed by permitting Defendants an

additional year to continue their efforts to evade liability, allowing the requested delay in this matter would be imprudent.

Defendants' reliance on *Gulf Coast Fans, Inc.* does not change this result, as the opinion of the 11th Circuit in that matter simply declared that it was "sound policy" to avoid incongruous judgments when defendants were similarly situated. *Gulf Coast Fans, Inc.,* 740 F.2d at 1512. There, the 11th Circuit knew that the judgments were inconsistent, as the record on appeal included an inconsistent jury decision and default judgment award. This is distinct from the instant case, where the likelihood of inconsistent judgments is remote and Defendants have yet to more than vaguely theorize about the possibility of an award in a different amount than that which is sought by the Amended Complaint.

Nor did the facts and circumstances of *Gulf Coast Fans, Inc.* suggest that the delay of default judgment could be unjust. Here, it is not difficult to envision, especially given Brennan's acts to date, how Defendants could use a prolonged delay to render the eventual collection and post-judgment efforts by MAICO useless. In fact, it appears that Defendants' efforts to obstruct MAICO's collection of amounts owed did not cease upon the filing of this lawsuit, but have instead continued during litigation. Thus, providing Defendants with additional time to construct more barriers to collection would be clearly prejudicial to MAICO.

Most importantly, neither case, nor any of the other cases briefly referenced by Defendants, require that the Court delay entry of default judgment. Rather, the Court may and should exercise its discretion and act in the most prudent manner, which, in this case, would result in immediate entry of default judgment against Brencorp, enabling MAICO to begin collection and post-judgment discovery efforts without delay – <u>as previously called for by Defendants in the Reply Brief.</u>

**V.    Conclusion**

In light of the minimal risk of inconsistent judgments posed by the immediate issuance of a default judgment against Brencorp, and in consideration of the likely prejudicial impact delay would have on MAICO's ability to find and collect amounts to which it is entitled, MAICO respectfully requests that the Court grant MAICO's Motion for Default Judgment against Brencorp without delay.

This 14th day of March, 2016.

                                        O'DANIEL McDONALD, LLC

                                        <u>/s/ Graham E. McDonald</u>
                                        Graham E. McDonald
                                        Georgia Bar No. 843090
                                        Matthew R. Johnson
                                        Georgia Bar No. 940675
                                        8010 Roswell Road, Suite 210
                                        Atlanta, GA 30350-3939
                                        (404) 419-6300

(404) 419-6301 (fax)
gmcdonald@odmclaw.com
mjohnson@odmclaw.com

Attorneys for Plaintiff

12

## CERTIFICATION UNDER LR 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BRENCORP, INC. is prepared in Times New Roman, 14 point font, in accordance with L.R. 5.1C.

This 14th day of March, 2016.

/s/ Graham E. McDonald
Graham E. McDonald

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BRENCORP, INC. was duly served upon via CM/ECF on the following attorneys of record:

Frank E. Jenkins, III, Esquire
Sarah C. Martin, Esquire
Jenkins & Bowen, P.C.
15 South Public Square
Cartersville, Georgia 30120

and by First Class U.S. Mail on:

Brencorp, Inc.
c/o Registered Agent: Theodore Brennan
75 Center Road
Cartersville, GA 30121

This 14th day of March, 2016.

/s/ Graham E. McDonald
Graham E. McDonald